UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIJAH E. CUMMINGS, CAROLYN MALONEY, ELEANOR HOLMES NORTON, Wm. LACY CLAY, STEPHEN LYNCH, JIM COOPER, GERALD CONNOLLY, ROBIN KELLY, BRENDA LAWRENCE, BONNIE WATSON COLEMAN, STACEY PLASKETT, VAL DEMINGS, RAJA KRISHNAMOORTHI, JAMIE RASKIN, PETER WELCH, MATT CARTWRIGHT, and MARK DESAULNIER, Members of the United States House of Representatives, Committee on Oversight and Government Reform<br><br>House of Representatives,<br>Committee on Oversight and<br>Government Reform<br>2471 Rayburn House Office Building<br>Washington, D.C. 20515,<br><br>      Plaintiffs,<br><br>  v.<br><br>TIMOTHY O. HORNE, Acting Administrator, General Services Administration<br><br>1800 F Street, N.W.<br>Washington, D.C. 20405,<br><br>      Defendant. | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Introduction**

1. This is an action by seventeen members of the Committee on Oversight and Government Reform of the United States House of Representatives to enforce their rights under 5 U.S.C. § 2954 to obtain records from the General Services Administration ("GSA"). The records at issue relate to GSA's implementation of the Old Post Office lease agreement with

1

Trump Old Post Office LLC, a company owned by Donald Trump, his daughter Ivanka, and his sons Donald, Jr., and Eric.  President Trump has refused to divest his ownership interest in the Trump Old Post Office LLC, even though the lease explicitly prohibits any "elected official of the Government of the United States" from taking or sharing in any benefit that "may arise" from the lease.  President Trump's refusal to divest his ownership interest in a company that contracts with the federal government raises numerous issues requiring congressional oversight, including oversight of potential conflicts of interest, oversight of GSA's interpretation of the contract requirements, and oversight of GSA's ongoing management of the lease. The House of Representatives has delegated responsibility for overseeing the management of government operations, including operations of GSA, to the House Committee on Oversight and Government Reform and its members.

    2.  5 U.S.C. § 2954, known as the "Seven Member Rule," provides:  "An Executive agency, on request of the Committee on Government Operations of the House of Representatives [now the House Committee on Oversight and Government Reform], or of any seven members thereof . . . *shall submit* any information requested of it relating to any matter within the jurisdiction of the committee."  (Emphasis added.)  The Seven Member Rule is a statutory delegation of broad investigatory authority by Congress, not just to the Committee on Oversight and Government Reform, but also to the Committee's members, so long as seven members join in a request.

    3.  On December 22, 2016, eleven members of the Committee on Oversight and Government Reform sent a letter to GSA requesting documents related to the Old Post Office lease under the Seven Member Rule.  On January 3, 2017, GSA produced unredacted documents in response to that letter including amendments to the lease, the 2017 budget estimate, and

monthly income statements. GSA stated that the production was being made "[c]onsistent with the Seven Member Rule."

4. Following the inauguration of President Trump, GSA's practice of honoring Seven Member Rule requests changed, but the rationale for the change has been shifting and contradictory. On January 23, 2017, Committee on Oversight and Government Reform Ranking Member Cummings and Committee on Transportation and Infrastructure Ranking Member Peter DeFazio, along with Representatives Gerald Connolly and André Carson, requested updated monthly expense reports, correspondence with representatives of President Trump's company, and other information from GSA relating to the Old Post Office lease. On February 6, 2017, GSA's Acting Associate Administrator declined to produce the information, but promised that "[s]hould the U.S. House of Representatives Committee on Oversight and Government Reform or any seven members thereof submit a request pursuant to 5 U.S.C. § 2954, GSA will review any such request." To follow up, on February 8, 2017, eight members of the Oversight Committee sent a letter demanding that GSA produce the requested information pursuant to the Seven Member Rule. GSA did not respond. On June 5, 2017, eighteen members of the Committee, including the plaintiffs in this action, again invoked the Seven Member Rule in a detailed letter to GSA Acting Administrator Timothy Horne, the defendant in this action, explaining that he and GSA had a legal obligation to provide the requested information and that the information is critical to the oversight responsibilities of the Committee and its members. GSA did not respond. On July 6, 2017, plaintiffs sent yet another letter under the Seven Member Rule to defendant Horne demanding a response to their prior letters. By letter dated July 17, 2017, GSA denied the request on the ground that the Administration would respond to

"congressional requests for information only when those requests come from a committee, subcommittee or chairman authorized to conduct oversight."

5. GSA's refusal to comply with 5 U.S.C. § 2954 following the President's inauguration was a drastic departure from its position taken on January 3, 2017, and illustrates the need for Congress to conduct oversight of GSA's ability to manage a lease with the President.

6. Defendant Horne's refusal to comply with plaintiffs' requests violates his mandatory duty under Section 2954.  The Administrative Procedure Act, 5 U.S.C. § 706, empowers this Court to "compel agency action unlawfully withheld or unreasonably delayed" and to "hold unlawful" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Plaintiffs seek declaratory and injunctive relief directing the defendant Horne to carry out forthwith his mandatory duty under Section 2954 and provide information to plaintiffs.  This Court is authorized to order the relief sought under 28 U.S.C. § 1361 (Mandamus), 28 U.S.C. § 1651 (All Writs Act); 5 U.S.C. §§ 701, 702, 703, 704 & 706 (the Administrative Procedure Act), and 28 U.S.C. §§ 2201 & 2202 (the Declaratory Judgment Act).

## Jurisdiction

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1361.

## Parties

8. Plaintiff Elijah E. Cummings is a duly elected Member of Congress from Maryland and is the Ranking Member of the House Committee on Oversight and Government Reform, the successor Committee to the House Committee on Government Operations.  *See References in Law to Committees and Officers of the House of Representatives*, Pub.L. 104-14, § 1(6), 109 Stat. 186 (1995).  Plaintiffs Carolyn Maloney, Eleanor Holmes Norton, William Lacy Clay,

Stephen Lynch, Jim Cooper, Gerald Connolly, Robin Kelly, Brenda Lawrence, Bonnie Watson Coleman, Stacey Plaskett, Val Demings, Raja Krishnamoorthi, Jamie Raskin, Peter Welch, Matt Cartwright, and Mark DeSaulnier, are duly elected Members of Congress and are members of the House Committee on Oversight and Government Reform. Each plaintiff joined in one or more of the Seven Member Rule requests at issue in this case. Plaintiffs bring this action to compel an executive agency to submit information relating to matters within the jurisdiction of the House Committee on Oversight and Government Reform.

9. Defendant Timothy O. Horne is the Acting Administrator of the GSA, an executive agency of the United States. Defendant Horne has possession, custody and control of the information requested by plaintiffs and has violated his mandatory, statutory duty to provide the information to the plaintiffs. Defendant Horne is sued in his official capacity.

**Factual Background**

10. On August 5, 2013, GSA entered into a lease agreement with Trump Old Post Office LLC, permitting the company to develop and convert the famous Old Post Office on Pennsylvania Avenue, N.W., just two blocks away from the White House, into the Trump International Hotel. At the time the lease was entered into, Trump Old Post Office LLC was owned by Donald Trump, his daughter Ivanka Trump, and his sons Donald, Jr., and Eric Trump.

11. To avoid conflicts of interest, Article 37.19 of the lease agreement provides:

> No member or delegate to Congress, or elected official of the Government of the United States or the Government of the District of Columbia, shall be admitted to any share or part of this Lease, or to any benefit that may arise therefrom.

12. House Rule X confers on the House Committee on Oversight and Government Reform jurisdiction over "[g]overnment management and accounting measures generally," as

well as "[o]verall economy, efficiency, and management of government operations and activities." House Rules require the Committee to "review and study on a continuing basis the operation of Government activities at all levels with a view to determining their economy and efficiency." More broadly, the Committee has the authority to "at any time conduct investigations" of "any matter." House Rule X, clauses 1(n) & (4)(c)(2).

13. On November 30, 2016, Oversight Committee Ranking Member Elijah E. Cummings and Transportation and Infrastructure Committee Ranking Member Peter DeFazio, along with Representatives Gerald Connolly and André Carson, sent a letter to then-GSA Administrator Denise Turner Roth requesting unredacted copies of lease documents, annual and monthly statements between Trump Old Post Office LLC and the United States of America, and a briefing. GSA did not produce any unredacted documents in response to that letter.

14. On December 14, 2016, Oversight Committee Ranking Member Cummings and Transportation Committee Ranking Member Peter DeFazio, along with Representatives Gerald Connolly and André Carson, sent another letter to then-Administrator Roth requesting unredacted lease documents, monthly expense reports, and other documents.

15. On December 22, 2016, eleven members of the Committee on Oversight and Government Reform sent a letter request under the Seven Member Rule to then-Administrator Roth demanding unredacted lease documents and expense reports related to the Old Post Office lease.

16. On January 3, 2017, GSA produced unredacted documents pursuant to its obligations under the Seven Member Rule, including amendments to the lease, the 2017 budget estimate, and monthly income statements. Associate Administrator Lisa A. Austin wrote in a letter to

Ranking Member Cummings that the production was "[c]onsistent with the Seven Member Rule and judicial and Department of Justice, Office of Legal Counsel opinions (see e.g. 6 Op. O.L.C. 632 (1982) and 28 Op. O.L.C. 79 (2004))." GSA's compliance with the Seven Member Rule was also consistent with GSA's own internal policies.

17. In a nationally televised news conference on January 11, 2017, then President-elect Trump announced that he would not divest his ownership interest in his companies. He also stated in an interview with the *New York Times* that "occupancy at that hotel will be probably a more valuable asset now than it was before, O.K.? The brand is certainly a hotter brand than it was before." Donald Trump's New York Times Interview: Full Transcript (Nov. 23, 2016) (available at https://www.nytimes.com/2016/11/23/us/politics/trump-new-york-times-interview-transcript.html).

18. Donald Trump was sworn in as President of the United States on January 20, 2017, without having divested his ownership interest in Trump Old Post Office LLC. On information and belief, neither he nor his children have divested their interests in the lease since he took office.

19. By letter dated January 23, 2017, sent to defendant Horne, Oversight Committee Ranking Member Cummings and Transportation Committee Ranking Member Peter DeFazio, along with Representatives Gerald Connolly and André Carson, asked GSA (a) to explain the steps that GSA had taken, or planned to take, to address President Trump's apparent breach of the lease agreement; (b) to state whether GSA intended to notify President Trump's company that it is in breach; (c) to provide the monthly reports President Trump's company submits to the GSA on the Trump International Hotel's revenues and expenses; (d) to explain and provide documentation of the steps GSA had taken, or planned to take, to address liens against the Trump

International Hotel; and (e) to provide copies of all correspondence with representatives of President Trump's company or the Trump transition team.

20. By letter dated February 6, 2017, GSA Acting Associate Administrator Saul Japson declined to release the records, but promised that "[s]hould the U.S. House of Representatives Committee on Oversight and Government Reform or any seven members thereof submit a request pursuant to 5 U.S.C. § 2954, GSA will review such a request."

21. By letter dated February 8, 2017, plaintiff Cummings, joined by seven other members of the Committee on Oversight and Government Reform, made a request pursuant to 5 U.S.C. § 2954 to GSA Acting Associate Administrator Japson for the information sought in plaintiff Cummings' January 23, 2017, letter. The letter pointed out that GSA had previously complied with requests for information on the same topic under 5 U.S.C. § 2954 before President Trump was sworn in.

22. Notwithstanding Mr. Japson's promise that GSA would review a request pursuant to 5 U.S.C. § 2954 made by seven or more members of the Committee on Oversight and Government Reform, neither Mr. Japson nor anyone else at GSA responded to the February 8th request.

23. On March 23, 2017, GSA publicly released a letter from the contracting officer for the Old Post Office lease asserting that the Trump Old Post Office LLC is in full compliance with Section 37.19 of the lease.

24. In testimony on May 24, 2017, before the House Committee on Appropriations, defendant Horne cited a new policy of rejecting all oversight requests from Democrats unless they are also joined by a Republican Chairman. Mr. Horne testified that "for matters of

8

oversight, the request needs to come from the Committee chair." He did not address the Seven Member Rule in his testimony. *Hearing on the General Services Administration before House Committee on Appropriations, Subcommittee on Financial Services and General Government*, 115th Congress (available at https://appropriations.house.gov/calendar/eventsingle. aspx?EventID=394879).

25. By letter dated June 5, 2017, and sent to defendant Horne, plaintiff Cummings, now joined by seventeen other members of the Committee on Oversight and Government Reform, including plaintiffs in this action, renewed the request initially made on February 8th. The letter specifically invoked 5 U.S.C. § 2954 and requested additional documents in response to GSA's actions taken after the February 8 letter, including all documents containing legal interpretations of Section 37.19 of the Old Post Office lease, all correspondence and documents relating to funds received from any foreign country, foreign entity, or foreign source, any legal opinion relied upon by GSA in making a determination regarding the President's compliance with Section 37.19, and all drafts and edits of the contracting officer's March 23, 2017 letter. The June 5th request letter explains that GSA's failure to respond violates the clear mandate of the statute, is inconsistent with prior practices of both Republican and Democratic administrations and of GSA's prior practice to honor requests made under the Seven Member Rule, and thwarts the ability of Committee members to carry out their congressionally-delegated duty to perform oversight.

26. On July 6, 2017, plaintiff Cummings, joined by seventeen other members of the Committee on Oversight and Government Reform, including plaintiffs in this action, sent yet another letter to defendant Horne, demanding that he respond to the prior requests and reminding him that GSA in the past had complied with requests under 5 U.S.C. § 2954.

27. By letter dated July 17, 2017, GSA Associate Administrator P. Brennan Hart III denied plaintiffs' 5 U.S.C. § 2954 request. The letter cites a recent Office of Legal Counsel ("OLC") memorandum stating that "[i]ndividual members of Congress, including ranking minority members, do not have authority to conduct oversight in the absence of a specific delegation by a full house, committee, or subcommittee." OLC, *Authority of Individual Members of Congress to Conduct Oversight of the Executive Branch* at 1 (May 1, 2017). Quoting the new OLC memorandum, the GSA letter states that "the Executive Branch's longstanding policy has been to engage in the established process for accommodating congressional requests for information only when those requests come from a committee, subcommittee, or chairman authorized to conduct oversight."

28. Notwithstanding GSA's reliance on the OLC memorandum as the basis for its response to plaintiffs' request, the OLC memorandum does not address requests made under 5 U.S.C. § 2954. In fact, the memorandum contradicts GSA's legal position and supports plaintiffs' position. Information demands made pursuant to 5 U.S.C. § 2954 are requests pursuant to "a specific delegation" of oversight authority, not just by one "full house, committee, or subcommittee," but by a statute enacted through bicameral action by both Houses of Congress and presentment to and signature by the President.

29. Undermining defendant's position further, the White House sent a letter to Senator Charles Grassley on July 20, 2017, three days after GSA sent its response to the Oversight Committee, stating that the OLC opinion "does not set forth Administration policy" and that "[t]he Administration's policy is to respect the rights of all individual Members, regardless of party affiliation, to request information about Executive branch policies and programs."

10

30. Defendant Horne's refusal to comply with plaintiffs' request under 5 U.S.C. § 2954 violates the law and constitutes final agency action under the Administrative Procedure Act. 5 U.S.C. § 704.

**Claim for Relief**

31. Section 2954 of Title 5, U.S. Code, imposes a mandatory duty on defendant Horne, an officer of an Executive agency, to "submit any information requested of it relating to any matter within the jurisdiction of the committee" by the House Committee on Oversight and Government Reform or "any seven members thereof." By refusing to produce the information requested by Members of the Committee on Oversight and Government Reform, defendant Horne has violated his non-discretionary duty under the law, and plaintiffs are entitled to a declaratory judgment stating that they are entitled to production of the requested information and an injunction or writ of mandamus ordering its production.

32. Defendant Horne has refused to carry out the non-discretionary, mandatory duty he owes to the plaintiffs under 5 U.S.C. § 2954. The All Writs Act, 28 U.S.C. § 1651, authorizes this Court to issue a writ in the nature of mandamus to compel performance of such a nondiscretionary legal duty and 28 U.S.C. §1361 grants jurisdiction to this Court to grant such relief.

33. Defendant Horne's refusal to comply with plaintiffs' requests under 5 U.S.C. § 2954 constitutes final agency action reviewable under the Administrative Procedure Act ("APA"). 5 U.S.C. §§ 702, 703 & 704. The APA empowers this Court to "compel agency action unlawfully or unreasonably withheld or delayed," 5 U.S.C. § 706(1), and to "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law." 5 U.S.C. § 706(2)(A).  By failing to produce the information requested by the plaintiffs, defendant Horne has unlawfully and unreasonably withheld and delayed production of information to which plaintiffs are entitled by law, and defendant Horne's decision to deny production of the information is arbitrary and capricious, an abuse of discretion, and contrary to law.

34. Defendant Horne's refusal to provide the information requested by plaintiffs is an ongoing violation of 5 U.S.C. § 2954. The federal courts have the power in appropriate circumstances to enjoin violations of federal law by federal officials independent of the APA. *Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378, 1384 (2015).

35. Defendant Horne's refusal to produce the information plaintiffs have requested violates plaintiffs' rights under 5 U.S.C. § 2954. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, authorizes the Court to "declare the rights . . . of any interested party seeking such a declaration," in addition to any injunctive or other relief available.

36. Defendant Horne's refusal to carry out the mandate of 5 U.S.C. § 2954 has deprived the plaintiffs of information to which they are entitled by law and thereby caused and continues to cause the plaintiffs serious, irreparable injury.  As a result of defendant Horne's failure to produce the information to which plaintiffs are entitled in a timely fashion, plaintiffs are harmed, and continue to be harmed, in a number of ways, including, but not limited to, impedance of the oversight and legislative responsibilities that have been delegated to them by Congress involving government management and accounting measures and the economy, efficiency, and management of government operations and activities. The deprivation of the information sought thwarts plaintiffs' ability to:

(a) evaluate the propriety of GSA's failure to enforce Article 37.19 of the lease which, by its express terms, forbids President Donald Trump, an "elected official of the Government of the United States," from benefiting from the lease in any way;

(b) evaluate GSA's oversight of the lease, including financial management of the lease;

(c) ascertain the amount of income from the lease benefiting President Trump, his daughter Ivanka Trump, and his sons Donald, Jr., and Eric Trump;

(d) determine the extent to which Trump Old Post Office LLC has received funds from foreign countries, foreign entities, or other foreign sources;

(e) assess whether GSA's failure to act is based on a new interpretation of Article 37.19 of the lease, and if so, to review the legal opinion or opinions on which the new interpretation is based;

(f) evaluate whether the GSA contracting officer's decision that the Trump Old Post Office LLC is in compliance with the lease was free from inappropriate influence; and

(g) recommend to the Committee, and to the House of Representatives, legislative and other actions that should be taken to cure any existing conflict of interest, mismanagement, or irregularity in federal contracting.

**Prayer for Relief**

WHEREFORE, plaintiffs respectfully request that the Court enter an Order:

(A) Declaring that defendant Horne's failure to provide in a timely manner the information requested in the plaintiffs' February 8, 2017, June 5, 2017, and July 6, 2017, demand

letters, signed by more than seven members of the House Oversight and Government Reform Committee, violates 5 U.S.C. § 2954 and the Administrative Procedure Act;

(B) Requiring defendant Horne to produce the requested unredacted information to the plaintiffs forthwith;

(C) Awarding the plaintiffs their costs and attorneys' fees in this action; and

(D) Granting the plaintiffs such other and further relief as the Court deems just and proper.

    /s/ David C. Vladeck
David C. Vladeck (D.C. Bar No. 945063)
Georgetown University Law Center
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9540
vladeckd@law.georgetown.edu

    Scott L. Nelson
Scott L. Nelson (D.C. Bar No. 413548)
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, D.C. 20009-1001
(202) 588-1000
snelson@citizen.org

Attorneys for Plaintiffs

Date:  November 2, 2017